■ INTERNATIONAL ASBESTOS REMOVAL, INC., Respondent, v BEYS SPECIALTY, INC., et al., Appellants. [44 NYS3d 757]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about June 24, 2006, which, to the extent appealed from, denied defendants' motion for partial summary judgment dismissing the claim for compensation owed for certain asbestos abatement work, unanimously affirmed, without costs.

Ambiguities in the prime contract, which was incorporated into the subcontract, present issues of fact whether plaintiff subcontractor's installation of additional asbestos decontamination units constituted "extra work," thereby triggering contractual notice provisions as a prerequisite to payment for such work (see Discovision Assoc. v Fuji Photo Film Co., Ltd., 71 AD3d 488 [1st Dept 2010]). The record also presents issues of fact whether plaintiff substantially complied with the "extra work" notice provisions contained in the subcontract (see F. Garofalo Elec. Co. v New York Univ., 300 AD2d 186, 188-189 [1st Dept 2002]).

Defendant's argument that plaintiff is bound by the prime contract's dispute resolution provisions is also rejected at this time based on the ambiguities in the scope of extra work under the contract.

We have considered defendants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Feinman, Gische and Kahn, JJ.